**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA M. BARKAN,<br><br>  Plaintiff,<br><br>  v.<br><br>HUB GROUP, INC.,<br><br>  Defendant. | Case No. 5:20-cv-00643<br><br>**COMPLAINT FOR DAMAGES**<br><br>**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") PURSUANT TO 47 U.S.C. §227.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Joshua M. Barkan ("Plaintiff"), by and through his attorneys, Wajda Law Group, APC ("Wajda"), complaining of HUB Group, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times

1

relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a Delaware corporation with its principal place of business located at 2000 Clearwater Drive, Oak Brook, Illinois 60523. Defendant claims it is the "largest intermodal marketing company in the United States." [1]

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

### FACTS SUPPORTING CAUSES OF ACTION

8. On March 20, 2020, Plaintiff began receiving unsolicited text messages to his cellular phone number, (909) XXX-0798, from Defendant.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 0798. Plaintiff is and has always been financially responsible for this telephone and its services.

10. Plaintiff *never* provided Defendant with his cellular telephone number or otherwise consented to receive any communications from Defendant or its affiliates.

11. Defendant's text messages advertised an employment opportunity for hazmat truck drivers and instructed recipients to call 866-934-4050.

12. Defendant's text messages also instructed recipients to reply STOP to opt out of future messages.

13. Plaintiff was already employed and was not interested in the advertised job opportunity, so he immediately replied "STOP."

14. Failing to acquiesce to Plaintiff's demand that it stop sending text messages,

---

[1] www.hubgroup.com (last accessed March 23, 2020).

2

Defendant continued to text Plaintiff without his consent.

15. Frustrated, Plaintiff called the number in the text messages and spoke to a representative for Defendant.

16. Defendant's representative informed Plaintiff that he could not help him opt out of the text messages and Plaintiff would need to deal with the hiring department.

17. Plaintiff hung up and called again in hopes that he could speak to a different representative who could help him. In this second phone call, Plaintiff spoke to a representative who stated he would remove Plaintiff from the list and he would no longer receive text messages.

18. Despite these two phone conversations and Plaintiff's multiple replies requesting that the text messages "Stop," Defendant continued to send unsolicited advertising text messages to Plaintiff's cellular phone without his prior consent.

19. Every time Plaintiff received a text message from Defendant, he replied "STOP" so that he would no longer receive the unwanted and unconsented to text messages.

20. Notwithstanding Plaintiff's multiple requests that Defendant cease sending text messages to his cellular phone, Defendant sent or caused to be sent numerous text messages to Plaintiff's cellular phone between March 20, 2020 and the present day, often with multiple text messages being sent within an hour.

21. The phone number Defendant uses to send text messages to Plaintiff is (615) 546-0114.

22. Defendant intentionally harassed and abused Plaintiff on numerous occasions by texting multiple times, which such frequency as can be reasonably expected to harass.

**DAMAGES**

23. Defendant's conduct has severely impacted Plaintiff's daily life and general well-being.

3

24. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and harssing actions.

25. Defendant's phone harassment campaign has caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the text messages, aggravation that accompanies unsolicited text messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

28. The TCPA defines TFM as "equipment which has the capacity…to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

29. Upon information and belief, based on Defendant's frequency and content of the text messages, Defendant used a TFM.

30. Defendant violated the TCPA by sending numerous text messages to Plaintiff's

4

cellular phone using a TFM without his prior consent.

31. Any prior consent, if any, was revoked by Plaintiff's reply demanding Defendant "Stop" sending him text messages.

32. As pled above, Plaintiff was severely harmed by Defendant's marketing text messages sent to his cellular phone.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

34. Upon information and belief, Defendant knew its marketing practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

36. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JOSHUA M. BARKAN, respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's text messages to Plaintiff to be in violation of the TCPA;
   b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

| | | |
|---|---|---|
| Date: March 31, 2020 | | Respectfully submitted, |
| | | **JOSHUA M. BARKAN** |
| | | By: */s/ Nicholas M. Wajda* |
| | | Nicholas M. Wajda (State Bar No. 259178)<br>**WAJDA LAW GROUP, APC**<br>6167 Bristol Parkway, Suite 200<br>Culver City, California 90230<br>Telephone: 310-997-0471<br>Facsimile: 866-286-8433<br>E-Mail: nick@wajdalawgroup.com<br>*Attorney for Plaintiff* |